1   MICHAEL K. BROWN/ CA SB# 106975
    KATHERINE F. WENGER/ CA SB# 223045
2   AUDREY A. GEE/ CA SB# 180988
    BROWN, CHURCH & GEE LLP
3   200 Pringle Avenue, Suite 400
    Walnut Creek CA 94596
4   Telephone: (925) 943-5000
    Facsimile: (925) 933-2100
5   mbrown@bcglegal.com
    kwenger@bcglegal.com
6   agee@bcglegal.com

7   ATTORNEYS FOR PLAINTIFF TYSELLCROUSE, INC.

8                UNITED STATES DISTRICT COURT

9             NOTHERN DISTRICT OF CALIFORNIA

10  TYSELLCROUSE, INC. a Delaware        CASE NO.
    Corporation,
11                                       
                 Plaintiff,              COMPLAINT FOR
12                                           (1) BREACH OF CONTRACT;
    v.                                       (2) BREACH OF THE COVENANT
13                                               OF GOOD FAITH & FAIR
    SWAY MANAGEMENT, LLC, a Delaware             DEALING;
14  Limited Liability Company; STARWOOD      (3) UNJUST ENRICHMENT;
    WAYPOINT RESIDENTIAL TRUST, a            (4) MISAPPROPRIATION OF
15  Maryland Corporation; WAYPOINT REAL          TRADE SECRETS;
    ESTATE GROUP, A California Limited       (5) COPYRIGHT INFRINGEMENT
16  Liability Company; and WAYPOINT
    HOMES, INC., a California Corporation;
17
18               Defendants.             JURY TRIAL DEMANDED
19
20       Plaintiff TYSELLCROUSE, INC., a Delaware Corporation ("Plaintiff" or

21  "TysellCrouse") alleges against Defendants SWAY MANAGEMENT, LLC, a Delaware Limited

22  Liability Company, STARWOOD WAYPOINT RESIDENTIAL TRUST, a Maryland

23  Corporation, WAYPOINT REAL ESTATE GROUP, A California Limited Liability Company

24  and WAYPOINT HOMES, INC. a California Corporation, and Does 1through 25 (collectively

25  "Defendants") and each of them, as follows:

26                      GENERAL ALLEGATIONS

27                          THE PARTIES

28       1.      Plaintiff is a Delaware corporation whose principal place of business is in Contra

                                                                                              1
COMPLAINT

1  Costa County, California. Plaintiff is in the business of providing analytics, financial advisory

2  services and management consulting and technology solutions to the real estate industry.

3      2.      Plaintiff is informed and believes and, based thereon, alleges that at all times

4  herein mentioned, Defendant STARWOOD WAYPOINT RESIDENTIAL TRUST ("SWAY")

5  was a Maryland Corporation whose principal place of business is in Oakland, California.

6      3.      Plaintiff is informed and believes and, based thereon, alleges that at all times

7  herein mentioned, Defendant SWAY MANAGEMENT, LLC ("SWAY MANAGEMENT") was

8  a Delaware limited liability company whose principal place of business is in Oakland, California.

9      4.      Plaintiff is informed and believes and, based thereon, alleges that at all times

10 herein mentioned, Defendant WAYPOINT REAL ESTATE GROUP, LLC. ("WR") was a

11 California Limited Liability Company whose principal place of business is in Oakland,

12 California.

13     5.      Plaintiff is informed and believes and, based thereon, alleges that at all times

14 herein mentioned, Defendant WAYPOINT HOMES, INC. ("WH") was a California Corporation

15 whose principal place of business is in Oakland, California.

16     6.      Plaintiff is informed and believes and, based thereon, alleges that in or around

17 September of 2013 WR and WH (collectively "WREG") were acquired by SWAY

18 MANAGEMENT.

19     7.      Plaintiff is informed and believes and, based thereupon, alleges that as a result of

20 the above described acquisition, SWAY assumed all of WREG'S obligations, including its

21 obligations under the Consulting Agreement described below.

22     8.      Plaintiff is informed and believes and, based thereon alleges that at all times

23 herein mentioned all of the Defendants were doing business as Waypoint Homes. Waypoint

24 Homes is in the business of buying, renovating, leasing, maintaining and managing single family

25 homes.

26     9.      Plaintiff is informed and believes, and based thereon alleges, that each of the

27 Defendants were alter egos and/or agents of each other in doing the things hereinafter alleged,

28 and in doing the things hereinafter alleged were all acting within their scope of authority as

2

1 | agents.

2 | **JURISDICTION & VENUE**

3 |     10.    This matter involves, among other things, a claim for copyright infringement.

4 |     11.    Plaintiff is informed and believes and thereupon alleges that all of the Defendants

5 | have their principal place of business in Oakland, California.  Furthermore, a substantial part of

6 | the acts and omissions that give rise to the claims below occurred in the Northern District of

7 | California.

8 |     12.    Therefore, the Court has jurisdiction over the subject matter of this action

9 | pursuant to 28 U.S.C. § 1331, and venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

10 | **THE CONSULTING AGREEMENT & PLAINTIFF'S INCENTIVE FEE**

11 |     13.    On or around November 10, 2013, Plaintiff entered into a written consulting

12 | agreement with Defendants whereby Plaintiff agreed to provide to Defendants purchasing and

13 | data analytics services in exchange for, among other things, the payment of an incentive fee as

14 | further outlined below (the "Consulting Agreement"). The Consulting Agreement provided for

15 | an expiration date of November 10, 2014.

16 |     14.    The Consulting Agreement provided that Plaintiff would be compensated for its

17 | services through an incentive fee of "7.5% of all savings (savings, rebate, co-op) per annum. . .

18 | as applied to baseline improvements." (the "Incentive Fee").  The Incentive Fee baseline was "to

19 | be determined by [a] blended average of median line items from Waypoint Homes home

20 | improvement reports through June 2013"  (the "Fee Baseline").

21 |     15.    The Consulting Agreement also provided that (i) Plaintiff was to provide a Fee

22 | Baseline to Waypoint Homes, (ii) that Fee Baseline was to be approved by both Waypoint

23 | Homes & TysellCrouse, and (iii) that Fee Baseline was to be used to determine all incentive

24 | based compensation.

25 |     16.    Under the Agreement, once the Fee Baseline was established and agreed upon, the

26 | savings (upon which Plaintiff's Incentive Fee was to be based) would then be determined by

27 | comparing the Fee Baseline with Waypoint Homes' costs for the time period being invoiced for.

28 | This "baseline to baseline" method for determining the incentive fee was put in place due to (1)

3

the limitations in Waypoint's accounting system, and (2) Plaintiff and Defendants mutual expectations that Plaintiff's efforts would have both direct and indirect impacts producing cost savings across the board for Defendants.

17. In November of 2013, pursuant to the Consulting Agreement, Plaintiff provided Defendants with a Fee Baseline. Through mutual agreement by Plaintiff and Defendants, the Fee Baseline was subsequently updated, and in January of 2014, that updated Fee Baseline was approved by Plaintiff and Defendants.

18. From November of 2013 through November 10, 2014, Plaintiff provided the agreed upon services to Defendants pursuant the Consulting Agreement.

19. On November 10, 2014, pursuant to the terms of the Consulting Agreement, the Consulting Agreement expired.

20. On January 22, 2015, pursuant to and consistent with the Consulting Agreement, Plaintiff sent Defendants an invoice for the agreed upon incentive fee for the period of January 1, 2014 through October 10, 2014. This invoice was based upon the Fee Baseline report that Defendants had approved and agreed upon.

21. Despite numerous requests they do so, Defendants have refused to pay this invoice as required by the Consulting Agreement.

22. In March of 2015, Plaintiff sent correspondence to Defendants asking that Defendants provide them with the reporting data needed to calculate further amounts due to Plaintiffs for the operating period from and after October 10, 2014. Defendants failed to provide the reporting data requested.

**DEFENDANTS' IMPROPER USE OF PLAINTIFF'S PROPRIETARY SOFTWARE**

23. When Defendants executed the Consulting Agreement with Plaintiff, they acknowledged that during the course of the agreement they would have access to Plaintiff's "trade secrets, inventions, innovations, processes, information, records, and specifications. . ." (Plaintiff's Proprietary Information"), and agreed: (i) that all of Plaintiff's Proprietary Information would remain the property of Plaintiff, (ii) that except as required in the course of performance of the Consulting Agreement, they would not disclose or use in any manner any of

4

1  Plaintiff's Proprietary Information, and (iii) that they would not retain any copies of the

2  Proprietary Information without the express consent of Plaintiff.

3      24.    Part of Plaintiff's Proprietary Information that Defendants had access to during

4  the course of the Consulting Agreement was software which provided a dynamic online

5  specification book which could be viewed on both desktop and mobile platforms (Plaintiff's

6  "Proprietary Software"). This software was hosted on Plaintiff's servers. While Plaintiff

7  provided Defendants access to this software during the course of the Consulting Agreement,

8  Plaintiff never granted Defendants permission to copy the Proprietary Software, nor did they

9  give Defendants permission to use the Proprietary Software after the Consulting Agreement

10  expired.

11      25.    In August of 2014, without Plaintiff's permission, Defendants accessed Plaintiff's

12  server, copied the source code for Plaintiff's Proprietary Software and incorporated the

13  Proprietary Software into their Compass platform . After Plaintiff became aware of the fact that

14  Defendants had copied their Proprietary Software, Plaintiff brought this fact to Defendants

15  attention, yet Defendants made no effort to remove this software from their system or otherwise

16  rectify this issue.

17      26.    In November of 2014, after the Consulting Agreement expired, Plaintiff sent

18  correspondence to Defendants confirming that, as provided for in the Consulting Agreement,

19  Defendants access to the Proprietary Software was now revoked.

20      27.    Despite the expiration of the Consulting Agreement and Plaintiffs revocation of

21  Defendants access to the Proprietary Software, Defendants have continued to use Plaintiff's

22  Proprietary Information without Plaintiff's permission for their own commercial profit and

23  benefit.

24                    **BREACH OF CONTRACT**

25                       (All Defendants)

26      28.    Plaintiff incorporates by reference the foregoing paragraphs 1 through 26 as

27  though fully set forth herein.

28      29.    Plaintiff and Defendants entered into a written Consulting Agreement as

5

1  described in detail above.

2      30.    Plaintiff did all, or substantially all, of the things it was obligated to do under the

3  terms and conditions of the Consulting Agreement and/or is excused from performing said

4  things.

5      31.    Defendants have breached the Consulting Agreement, by (i) failing to pay

6  Plaintiff the incentive fees owed under the Consulting Agreement, and (ii) copying Plaintiff's

7  Proprietary Software, and (iii) continuing to use Plaintiff's Proprietary Software after the

8  termination of the Consulting Agreement.

9      32.    As a result of Defendants breaches, Plaintiff has been damaged in an amount in

10  excess of the jurisdictional amount for unlimited civil cases.

11      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

12  **BREACH OF THE COVNEANT OF GOOD FAITH AND FAIR DEALING**

13  (All Defendants)

14      33.    Plaintiff incorporates herein each and every allegation set forth in paragraphs 1

15  through 32 inclusive herein above.

16      34.    There is and was, express and implied, in the Consulting Agreement a covenant of

17  good faith and fair dealing wherein Defendants covenanted that Defendants would provide the

18  reporting data needed for Plaintiff to calculate the Incentive Fee described above.

19      35.    Defendants breached the covenant of good faith and fair dealing by failing to

20  provide Plaintiff with the reporting data necessary for Plaintiffs to calculate the Incentive Fee for

21  the period of October 10, 2014 through the present date.

22      36.    As a result of Defendants' actions, Plaintiff has been damaged in an amount to be

23  determined at trial.

24      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

25  **UNJUST ENRICHMENT**

26  (All Defendants)

27      37.    Plaintiff incorporates herein each and every allegation set forth in paragraphs 1

28  through 36 inclusive herein above.

6

COMPLAINT

38.     In the alternative, in the event that Defendants claim that they did not have a contract with Plaintiff, Defendants would be unjustly enriched to keep the benefits of Plaintiff's work without payment for Plaintiff's services that produced the benefits they received as a result of Plaintiff's work.

39.     From November of 2013 through October 10, 2014, at the request of Defendants, Plaintiff performed work that benefited Defendants.

40.     Defendants have benefitted from the work of Plaintiff without paying for it.

41.     Plaintiff has been damaged as set forth above.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## MISAPPROPRIATION OF TRADE SECRETS

(All Defendants)

42.     Plaintiff incorporates herein each and every allegation set forth in paragraphs 1 through 41 inclusive herein above.

43.     Plaintiff owned the Proprietary Software as described above.

44.     Defendants misappropriated Plaintiff's Proprietary Software without Plaintiff's permission.

45.     Plaintiff's Proprietary Software was a trade secret at the time of Defendants' misappropriation.

46.     Defendants were unjustly enriched as a result of their use of this Proprietary Software.

47.     Defendants' use of this Proprietary Software was a substantial factor in causing Defendants to be unjustly enriched.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

(All Defendants)

48.     Plaintiff incorporates herein each and every allegation set forth in paragraphs 1 through 47 inclusive herein above.

49.     Plaintiff owns a valid copyright for the Proprietary Software.

COMPLAINT

50. Defendants copied original elements of the Proprietary Software.

51. Defendants' copying occurred without Plaintiff's consent.

52. Defendants have unjustly profited as a result of this copying.

53. Plaintiff has submitted, and the United States Copyright Office has received, a completed copyright registration application, corresponding deposit and fee for Plaintiff's Proprietary Software.


**PRAYER**

WHEREFORE, Plaintiff demands judgment against Defendants for:

Breach of Contract

**1.** For compensatory damages in excess of $1,000,000, in an amount to be proven at trial;

**2.** Prejudgment interest as provided for by Civil Code section 3287;

Breach of the Covenant of Good Faith and Fair Dealing

**3.** For compensatory damages in an amount to be proven at trial;

**4.** For an order requiring Defendants to produce the reporting data necessary for Plaintiff to determine the Incentive Fee for October 10, 2014 through the preset date;

Unjust Enrichment

**5.** For compensatory damages in an amount to be proven at trial;

Misappropriation of Trade Secrets

**6.** Disgorgement of all profits and benefit that Defendants obtained from the use of Plaintiff's Proprietary Software;

**7.** For an order prohibiting Defendants from using Plaintiff's Proprietary Software and requiring the return and/or destruction of any copies of the Proprietary Software currently in Defendants' possession;

**8.** Exemplary Damages pursuant to Civil Code section 3426.3(c);

**9.** Attorneys' fees pursuant to Civil Code section 3426.4;

8

Copyright Infringement

**10.** For an order prohibiting Defendants from using Plaintiff's Proprietary Software and requiring the return and/or destruction of any copies of the Proprietary Software currently in Defendants' possession;

**11.** Compensatory damages in an amount to be proven at trial;

**12.** Disgorgement of all profits and benefit that Defendants obtained from the use of Plaintiff's Proprietary Software;

**13.** Statutory Damages as provided for by 17 U.S.C. § 504;

**14.** Attorneys' fees pursuant to 17 U.S.C. § 505;

All Causes of Action

**8.** Costs of suit; and

**9.** Any other and further relief the court considers proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

DATED:  August 20, 2015                        BROWN, CHURCH & GEE LLP


_____
KATHERINE F. WENGER
Attorneys for Plaintiff
TYSELL CROUSE, INC.

9

COMPLAINT