United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYSELLCROUSE, INC.,

         Plaintiff,

    v.

SWAY MANAGEMENT, LLC, et al.,

         Defendants.

Case No. 15-cv-03832-RS

**ORDER RE DISCOVERY DISPUTE**

Pursuant to the procedures set out in the Case Management Scheduling order, the parties have submitted a joint letter regarding a discovery dispute, by which plaintiff seeks to compel further responses to certain interrogatories and document requests. Plaintiff asserts it served the discovery requests in issue between July 29, 2016 and August 2, 2016, "in plenty of time to have responses due by the discovery cutoff" of September 2, 2016. Plaintiff acknowledges it received all of defendants' responses no later than Thursday, September 1st. At that point in time, the deadline for filing a motion to compel was eight days away, Friday, September 9th. See Civil Local Rule 37-3.

Plaintiff initiated efforts to meet and confer the following Monday, September 5th, but did not hear back. Sometime later in the week, plaintiff "followed up," and was advised that defense counsel was not available to discuss the issue until Friday, September 9th, the day any motion to compel had to be filed. There is no indication plaintiff requested any stipulation to extend the deadline. Meet and confer negotiations on Friday the 9th did not resolve all of the disputes.

1    Plaintiff's counsel states she sent an initial draft of the joint discovery dispute letter to defense

2    counsel "that same day."  Defense counsel asserts it was received around 5:00 p.m.

3          Again, there is no indication that plaintiff sought a stipulation to extend the deadline for

4    moving to compel.  Plaintiff did not seek relief from the court.  Plaintiff's counsel asserts she

5    would have submitted the discovery letter to the court by the deadline if she "had not had to rely

6    on Defendants' counsel approving and providing her own input to the letter."

7          The fact that the Case Management Order requires parties to present discovery disputes

8    through joint letters does not relieve a party who believes it is entitled to further discovery

9    responses from the obligation to take all necessary steps to meet the deadline set out in Local Rule

10   37-3.  Here, plaintiff had more than a week to engage in meet and confer and either get the letter

11   brief filed, or seek an extension of the deadline by stipulation or application to the Court if it

12   became apparent that it might not be practicable to meet the deadline, as a result of defendants'

13   communication timing or schedule, or for any other reason.  Plaintiff elected not to take

14   appropriate steps, and the letter brief is untimely.  No referral of the merits of the discovery

15   dispute to a magistrate judge is warranted.  No further discovery responses will be compelled. The

16   associated motion to file under seal is denied as moot, as the materials for which sealing was

17   sought were proffered as relating to the merits of the discovery dispute, not the timeliness issue.

18   Those materials have not been reviewed.

19

20

21   **IT IS SO ORDERED**.

22

23   Dated:  September 22, 2016

24                                                                 _____

25                                                                 RICHARD SEEBORG
                                                                   United States District Judge
26

27

28

CASE NO. 15-cv-03832-RS

2